IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RAYSEAN D. BARBER, | |
|---|---|
| Petitioner, | 8:18CV571 |
| vs. | |
| BRAD HANSEN, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Petitioner RaySean D. Barber's ("Petitioner" or "Barber") Petition for Writ of Habeas Corpus. (Filing No. 1.) For the reasons that follow, Petitioner's habeas petition is denied and dismissed with prejudice.

## I. CLAIMS

Summarized and condensed, and as set forth in the court's initial review order (filing no. 7), Barber asserted the following claims that were potentially cognizable in this court:

Claim One: Trial counsel was ineffective for failing to object to the insufficient information filed by the State.

Claim Two: Trial counsel was ineffective for failing to object to the insufficient advisement of the nature of the charge by the trial court at the plea hearing.

Claim Three: Trial counsel was ineffective for failing to object to the factual basis for the plea.

(Filing No. 7 at CM/ECF p. 1.)

## II. BACKGROUND

### A. Conviction and Sentence

The court states the facts as they were recited by the Nebraska Court of Appeals in *State v. Barber*, 26 Neb. App. 339, 918 N.W.2d 359 (2018), *review denied* (Nov. 15, 2018). (Filing No. 11-3.) *See Bucklew v. Luebbers*, 436 F.3d 1010, 1013 (8th Cir. 2006) (utilizing state court's recitation of facts on review of federal habeas petition).

On April 15, 2013, Barber was charged by information with one count of motor vehicle homicide in the death of Betty Warren. The information alleged:

> On or about 3 February 2013, in Douglas County, Nebraska, . . . BARBER did then and there unintentionally cause the death of . . . WARREN while engaged in the unlawful operation of a motor vehicle, and while in violation of section 60-6,196 or 60-6,197.06, in violation of Neb. Rev. Stat. § 28-306(1)&(3)(b) a Class III Felony.

A plea hearing was held on June 24, 2013. Barber's attorney informed the court that Barber wished to withdraw his previous plea of not guilty and enter a plea of no contest to the charge, and Barber pled no contest. The bill of exceptions reflects that during the plea colloquy, the court advised Barber that the State was required to prove that he intentionally caused the death of the victim, when the State actually had to prove that he unintentionally caused the death of the victim.

The following factual basis was presented in support of the charge:

> On February 3rd, 2013, here in Douglas County, Nebraska, [Barber] was observed by witnesses traveling southbound on Saddle Creek Road in excess of the speed limit. [Barber] approached the area of Saddle Creek and Poppleton Streets, where he was traveling approximately 98 miles per hour in a 35-miles-per-hour zone. [Barber] hit a curb, allowing him to lose control of his vehicle. He

struck another car being driven by . . . Warren. . . . Warren was pronounced dead. An autopsy conducted by the Douglas County Coroner revealed that she died of internal injuries attributable to this car accident.

The police suspected that [Barber] was under the influence of a controlled substance and/or alcohol. His blood was tested, by virtue of him being transported for medical treatment, where he had a blood alcohol content of a .146.

All these events occurred here in Douglas County, Nebraska.

The district court found beyond a reasonable doubt that Barber understood the nature of the charge against him and the plea was made freely, knowingly, intelligently, and voluntarily, and that there was a factual basis to support the plea. The court accepted Barber's plea and found him guilty.

A sentencing hearing was held on October 1, 2013. After statements from the attorneys and Barber, the court sentenced Barber to 20 to 20 years' imprisonment.

## B. Direct Appeal

Barber appealed his sentence to the Nebraska Court of Appeals on October 8, 2013. ([Filing No. 11-1 at CM/ECF p. 2](#).) Barber was represented both at trial and on direct appeal by the same attorney. On direct appeal, the sole assignment of error was that the district court erred by imposing an excessive sentence. ([Filing No. 11-4](#).) On January 23, 2014, the Nebraska Court of Appeals summarily affirmed Barber's conviction and sentence. ([Filing No. 11-1 at CM/ECF p. 2](#); [Filing No. 11-5](#).) The Nebraska Supreme Court denied Barber's petition for further review on March 12, 2014. ([Filing No. 11-1 at CM/ECF p. 2](#); [Filing No. 11-6](#).)

## C. Postconviction Action

Barber filed his first pro se motion for postconviction relief on February 27, 2015. ([Filing No. 11-12 at CM/ECF pp. 10-17](#).) He amended his motion several times. ([Filing No. 11-12 at CM/ECF pp. 99](#), [202](#), [208](#).) The final amended motion for postconviction relief was filed on October 17, 2016. ([Filing No. 11-12 at CM/ECF pp. 208-30](#).) In it, he alleged that (1) the trial court abused its discretion in failing to properly advise him of the nature of the charge; (2) the State's factual basis failed to make a distinct allegation of each essential element of the charge; and (3) trial counsel was ineffective in several respects, including for failing to move to dismiss the information, as it was insufficient and could not be used to convict him of the charged crime. ([Filing No. 11-12 at CM/ECF pp. 214-30](#).)

At a preliminary hearing on the postconviction motion on February 16, 2016, the State's attorney indicated that she had spoken to the court reporter and that, based on the court reporter's notes, the bill of exceptions contained an error in the advisement regarding the elements of the charged offense. ([Filing No. 11-14 at CM/ECF pp. 39-45](#).) Another preliminary hearing was held on June 28, 2016, and the court determined that an evidentiary hearing should be held. ([Filing No. 11-14 at CM/ECF pp. 51-73](#).)

On August 12, 2016, the State called the court reporter to testify. ([Filing No. 11-14 at CM/ECF pp. 73](#), [86-100](#).) The court reporter testified that the bill of exceptions contained a mistake. ([Filing No. 11-14 at CM/ECF pp. 89-92](#).) She reviewed the section in question and found that there was a "mistranslate in the steno notes." ([Filing No. 11-14 at CM/ECF p. 89](#).) The "steno notes" are the official record, and when they were edited, she mistakenly "took off the 'un' that was clearly in [her] notes." ([Filing No. 11-14 at CM/ECF p. 90](#).) The prefix "should have attached to intentionally." ([Filing No. 11-14 at CM/ECF p. 90](#).) The court reporter checked her "backup audio which [was] synced with [her] steno notes" and found the court "clearly stated the word 'unintentionally' rather than

4

'intentionally'" at that point in the plea colloquy. (Filing No. 11-14 at CM/ECF p. 113.)

On December 2, 2016, the district court overruled Barber's postconviction motion on the issue of whether he was properly advised at the time he entered his plea. (Filing No. 11-12 at CM/ECF pp. 232-34.) The district court wrote:

> First, the Court Reporter's notes and the audio recording demonstrate that [Barber] was correctly advised of the elements necessary to convict him and [Barber] suffered no prejudice.
>
> Second, in order to prevail, even if arguendo, [Barber] was advised that the State would have to prove [Barber] "intentionally" caused Ms. Warren's death, [Barber] must show that the error would have resulted in a different outcome. Put another way, [Barber] would have to demonstrate but for the error, he would not have pled no contest to the charge. There is no evidence of this.

(Filing No. 11-12 at CM/ECF pp. 233-34.) The district court then stated that it would proceed with Barber's remaining claims for postconviction relief, noting that the State had indicated that it planned on filing a motion to dismiss as to those claims. (Filing No. 11-12 at CM/ECF p. 234.) Barber did not appeal from this order. (Filing No. 11-3 at CM/ECF p. 5.)

The district court held a hearing on the State's motion to dismiss, and Barber was given the opportunity to respond to the State's motion in writing. (Filing No. 11-12 at CM/ECF pp. 244-50.) On May 10, 2017, the district court overruled Barber's October 17, 2016 amended motion for postconviction relief in all respects. (Filing No. 11-12 at CM/ECF pp. 250-53.)

Barber appealed to the Nebraska Court of Appeals, arguing, as relevant here, that the state district court erred in failing to find that trial counsel was ineffective for failing to object to (1) the information, (2) the trial court's improper advisement of the nature of the charge at the plea hearing, and (3) the factual basis for the plea.

5

The Nebraska Court of Appeals rejected Barber's claims and affirmed the judgment of the district court in a published opinion dated September 25, 2018. Barber, 26 Neb. App. 339, 918 N.W.2d 359 (filing no. 11-3). The Nebraska Supreme Court denied Barber's petition for further review, and the mandate was issued on December 6, 2018. (Filing No. 11-2 at CM/ECF p. 3.)

**D.  Habeas Petition**

Barber timely filed his Petition in this court on December 10, 2018. (Filing No. 1.) In response to the Petition, Respondent filed an Answer (filing no. 12), a Brief (filing no. 13), and the relevant state court records (filing no. 11). Respondent argues that the claims are without merit. Barber filed a brief in response to Respondent's Answer and Brief. (Filing No. 14.) Respondent filed a Notice of Submission indicating that he would not be filing a reply brief. (Filing No. 15.) This matter is now fully submitted for disposition.

### III.  OVERVIEW OF APPLICABLE LAW

A couple strands of federal habeas law intertwine in this case. They are (1) the deference that is owed to the state courts when a federal court reviews the factual or legal conclusions set forth in an opinion of a state court, and (2) the standard for evaluating a claim of ineffective assistance of counsel. The court elaborates upon those concepts next so that it may apply them later in a summary fashion as it reviews Barber's claims.

**A.  Deferential Standard Under 28 U.S.C. § 2254(d)**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. See 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 405-06. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.*

However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA [Antiterrorism and Effective Death Penalty Act] standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. Accordingly, the postconviction trial court's discussion of counsel's performance—combined with its express determination that the ineffective-assistance claim as a whole lacked merit—plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted).

The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.*

**B. The Especially Deferential *Strickland* Standard**

When a petitioner asserts an ineffective assistance of counsel claim, the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984), must be applied. The standard is very hard for offenders to satisfy.

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687. The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Id.* at 687-88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. And when a petitioner's conviction is the result of a plea, in order for the petitioner to show prejudice, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty or no contest and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Thomas v. United States*, 27 F.3d 321, 325 (8th Cir. 1994). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. *Strickland*, 466 at 690.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with special vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009). In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Id.* at 123 (internal quotation marks and citations omitted).

### IV. DISCUSSION

Before the Nebraska Court of Appeals addressed the merits of each ineffective assistance of counsel claim, it set forth the proper legal standard under *Strickland*. (Filing No. 11-3 at CM/ECF pp. 6, 8.)

## A. Claim One

In Claim One, Barber contends that trial counsel was ineffective for failing to object to the insufficient information filed by the State. He asserts that trial counsel should have objected to the information because it failed "to allege that the proximate cause of the death of Betty Warren was Barber's operation of a motor vehicle in violation of § 60-6,196 or § 60-6,197.06." (Filing No. 1 at CM/ECF p. 6.)

The Nebraska Court of Appeals considered and rejected this claim in its opinion affirming the state district court's denial of postconviction relief. The court wrote:

> A review of the information shows that the State sufficiently charged the crime of motor vehicle homicide under § 28-306. The information alleged that Barber "did then and there unintentionally cause the death of . . . WARREN while engaged in the unlawful operation of a motor vehicle, and while in violation of section 60-6,196 or 60-6,197.06, in violation of Neb. Rev. Stat. § 28-306(1)&(3)(b) a Class III Felony." Even if an objection had been made, it would properly have been overruled, and even if the issue had been preserved and raised on appeal, it would not have resulted in a reversal of Barber's conviction. Defense counsel is not ineffective for failing to raise an argument that has no merit. See *State v. Burries*, 297 Neb. 367, 900 N.W.2d 483 (2017).

(Filing No. 11-3 at CM/ECF p. 9.)

Under state law, a charging document need only use the language of the statute defining the crime. *State v. Hubbard*, 673 N.W.2d 567, 575 (Neb. 2004); *State v. Bowen*, 505 N.W.2d 682, 688 (Neb. 1993). The same is true as a matter of federal constitutional law. Under federal law, a charging document is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an

10

acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974). "It is generally sufficient that [a charging document] set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). "'Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" *Id.* at 117-18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)).

Barber provides no support whatsoever—nor does the record provide any such support—for his bare allegations that trial counsel was ineffective for failing to challenge an insufficient information. The information specifically identified Neb. Rev. Stat. § 28-306 as the section under which Barber was charged and accurately paraphrased the language of the statute, including the causation element. (Filing No. 11-11 at CM/ECF p. 4.) Barber has failed to show he lacked sufficient notice of the charge against him. Also, the language of the information is specific enough that Barber's conviction would preclude any prosecutions for the same offense. Thus, the information is sufficient under federal law. The Nebraska Court of Appeals' decision that the information sufficiently charged the crime of motor vehicle homicide under Neb. Rev. Stat. § 28-306, and that trial counsel was not ineffective for failing to raise a meritless objection to the information, cannot be said to be contrary to or an unreasonable application of *Strickland* or other federal law. The court finds, therefore, that Claim One is without merit and that habeas relief on its basis should be denied.

## B. Claim Two

In Claim Two, Barber argues that trial counsel was ineffective for failing to object to the insufficient advisement of the nature of the charge by the trial court at

the plea hearing. After conducting an evidentiary hearing, the state district court rejected this claim, finding that "the Court Reporter's notes and the audio recording demonstrate that [Barber] was correctly advised of the elements necessary to convict him and [Barber] suffered no prejudice." (Filing No. 11-12 at CM/ECF pp. 233-34.) The Nebraska Court of Appeals affirmed the state district court's rejection of this claim, writing as follows:

> Even though the bill of exceptions contained an error, the record shows that the court properly advised Barber regarding the nature of the charge during the plea colloquy. Because Barber was properly advised, we cannot find trial counsel was deficient because she did not object to the advisement during the plea colloquy.

(Filing No. 11-3 at CM/ECF p. 9.)

Barber has failed to rebut, by clear and convincing evidence, any of the Nebraska state courts' factual findings. The record clearly establishes that the bill of exceptions contained an error and that Barber was in fact properly advised regarding the nature of the charge of motor vehicle homicide under Neb. Rev. Stat. § 28-306 during the plea colloquy. In addition, Barber has not established that the Nebraska state courts' decisions were contrary to, or involved an unreasonable application of, clearly established federal law, or that the Nebraska state courts reached decisions that were based on unreasonable determinations of the facts in light of the evidence. As such, Barber is not entitled to habeas relief on Claim Two.

**C. Claim Three**

Last, Barber asserts that trial counsel was ineffective for failing to object to the factual basis for the plea. He claims that the factual basis was insufficient to support his conviction "because it failed to establish that the proximate cause element as required by the charge existed beyond a reasonable doubt." (Filing No. 1 at CM/ECF p. 13.)

12

The Nebraska Court of Appeals rejected this claim on the merits. The court wrote:

> From our review of the record, the State provided an adequate factual basis with regard to causation. Section 28-306(1) provides that a person who causes the death of another unintentionally while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska or in violation of any city or village ordinance commits motor vehicle homicide. The State asserted that Barber was driving in excess of the speed limit and had a blood alcohol content of .146, which exceeds the statutory limit for a person in actual physical control of a motor vehicle. See Neb. Rev. Stat. § 60-6,196(1) (Reissue 2010). The State asserted that Barber struck a curb, lost control of his vehicle, and struck Warren's vehicle. The State asserted that the autopsy revealed that Warren died as a result of the injuries which were attributable to the accident. These facts adequately alleged causation. Defense counsel is not ineffective for failing to raise an argument that has no merit. See *State v. Burries, supra.*

(Filing No. 11-3 at CM/ECF p. 9.)

Under federal law, there must be a sufficient factual basis upon which to base a plea before a plea is accepted. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). Here, in accepting Barber's plea, the trial court found beyond a reasonable doubt that Barber understood the nature of the charge against him and that his plea was made freely, knowingly, intelligently, and voluntarily, and that there was a factual basis to support the plea. As such, federal constitutional requirements were met. *See McCarthy v. United States*, 394 U.S. 459, 467 (1969). Upon considering the issue of Claim Three, the Nebraska Court of Appeals concluded, and the court agrees, that the record demonstrated an adequate factual basis for Barber's plea, including the causation element, and that trial counsel was thus not ineffective for failing to object to the adequacy of the factual basis. Barber has failed to rebut, by clear and convincing evidence, the Nebraska Court of Appeals' factual findings. Applying the deferential standards required by both *Strickland* and by § 2254(d), the court finds nothing to indicate that the Nebraska Court of Appeals' ruling was

contrary to, or involved an unreasonable application of, clearly established Federal law, or that the Nebraska Court of Appeals reached a decision that was based on an unreasonable determination of the facts in light of the evidence. Therefore, Barber is not entitled to habeas relief on Claim Three.

## V. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. [28 U.S.C. § 2253(c)(1)](); [28 U.S.C. § 2253(c)(2)](); [Fed. R. App. P. 22(b)(1)](). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in [*Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)](). The court has applied the appropriate standard and determined that Barber is not entitled to a certificate of appealability.

IT IS THERFORE ORDERED that the Petition for Writ of Habeas Corpus ([filing no. 1]()) is denied and dismissed with prejudice. No certificate of appealability has been or will be issued. Judgment will be issued by separate document.

Dated this 26th day of November, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge