IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN D. BARBER, | |
| Petitioner, | 8:18CV571 |
| vs. | |
| BRAD HANSEN, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Petitioner Raysean D. Barber's ("Petitioner" or "Barber") Motion to Amend Findings and Conclusions (filing no. 18) pursuant to Fed.R.Civ.P. 52(b) and his supporting brief (filing no. 19). Generally, Barber asserts that the court failed to "make findings and conclusions based on facts presented by Petitioner" and asks the court to "amend its findings and conclusions to include the actual facts set forth and alleged by Petitioner in this case." (Filing No. 19 at CM/ECF p. 4.)

Rule 52(b) of the Federal Rules of Civil Procedure provides, in relevant part: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed.R.Civ.P. 52(b).[1] The purpose of a motion under Fed.R.Civ.P. 52(b) is to permit the court to correct "manifest errors of law or fact." *Clark v. Nix*, 578 F.Supp. 1515, 1516 (S.D.Iowa 1984), *modified*, *Clark v. Brewer*, 776 F.2d 226 (8th Cir.1985); *Evans, Inc. v. Tiffany*, 416 F.Supp. 224, 244 (N.D.Ill. 1976); *see also Pro Edge L.P. v. Gue*, 377 F. Supp. 2d 694, 698 (N.D. Iowa 2005). "Rule 52(b) does not provide an avenue for 'relitigating issues upon which the moving party did not prevail at trial.'" *Piekarski v. Home Owners Sav. Bank*,

---

[1] The court notes that Barber's motion was timely filed on December 26, 2019, as the United States District Court for the District of Nebraska was closed on December 24 and 25, 2019.

F.S.B., 759 F. Supp. 542, 545 (D. Minn. 1991) (quoting *DeGidio v. Pung*, 125 F.R.D. 503, 505 (D.Minn.1989), *aff'd*, 920 F.2d 525 (8th Cir.1990)).

Here, Barber raises the same arguments he raised in his Brief in Response to Respondent's Answer and Separate Brief (filing no. 14) and takes issue with what he believes is the court's failure to consider the arguments and facts asserted in his brief. In particular, Barber contends that the court failed to address his argument that his counsel was ineffective for failing to challenge the information's omission of the essential element of "proximate cause." Contrary to Barber's assertion, the court specifically acknowledged his argument regarding the absence of the proximate cause element in the information and concluded "[t]he information specifically identified Neb. Rev. Stat. § 28-306 as the section under which Barber was charged and accurately paraphrased the language of the statute, including the causation element." (Filing No. 16 at CM/ECF pp. 10–11.) In so concluding, the court cited to the information which charged that Barber "did then and there unintentionally cause the death of BETTY WARREN while engaged in the unlawful operation of a motor vehicle" and provided citations to the applicable statutes including Neb. Rev. Stat. § 28-306(3)(b), which sets out the proximate cause element. (*See id*. at CM/ECF p. 11 (citing Filing No. 11-11 at CM/ECF p. 4).)

The court sees no need to amend the foregoing conclusion or any other findings or conclusions in its November 26, 2019 Memorandum and Order dismissing Barber's habeas petition with prejudice. Accordingly, upon careful consideration,

IT IS ORDERED that: Petitioner's Motion to Amend Findings and Conclusions (filing no. 18) is denied.

Dated this 14th day of January, 2020.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge